# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| KERRY BASS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. CIV 15-351-JHP-SPS |
| JIM WEIR, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the Court on the defendants' motions to dismiss and the Court's own motion to consider dismissal of the case under 28 U.S.C. § 1915. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendants' motions (Dkts. 15, 17), Plaintiff's response (Dkt. 20), Defendant Golden's reply (Dkt. 21), and Plaintiff's "Sworn Affidavit" (Dkt. 22).

Plaintiff, a pro se inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at John Lilley Correctional Center in Boley, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Bryan County Jail in Durant, Oklahoma. The defendants are Grady County Sheriff Jim Weir, Ken Golden of the Bryan County Sheriff's Department, and the Texas Department of Criminal Justice (incorrectly named in the complaint as Texas Department of Corrections).

Plaintiff alleges that on June 18, 2010, he was detained and arrested by an unknown City of Durant, Oklahoma, police officer and taken to the Bryan County Jail. After several days in the jail, he was transported to the State of Texas on a fugitive warrant and then transported to the James Bird Prison near Huntsville, Texas. During the intake process, Plaintiff attempted to ascertain the reason for his arrest and detention and the reason for the fugitive warrant, but he did not receive a definitive response. He insisted that a mistake had

been made to no avail. Much later, a Texas probation officer came to Plaintiff's facility and determined that Plaintiff had discharged his Texas sentence approximately nine years earlier on April 21, 2001. Several days later, Plaintiff was transferred back to Oklahoma and placed in the Grady County Jail for probation violation and failure to appear in Grady County District Court on September 10, 2010, for an unrelated probation violation hearing. He alleges was held in Texas for a total of 84 days before being returned to Oklahoma (Dkt. 1 at 2-3).

Plaintiff complains in Count I that the defendants acted collectively to cause irreparable loss of his federal constitutional rights to "liberty and the pursuit of happiness" through their "inattentiveness and insouciance as regards his particular claims that a mistake was obviously being made" (Dkt. 1 at 3).

In Count II Plaintiff alleges that, based on a "glitch or computer error," he was "kidnapped from Oklahoma" and held in Texas custody for 84 days before the Oklahoma Fugitive Squad, Chickasha Division, arrested him and brought him back to Oklahoma for his failure to appear and probation violation. He contends the parole revocation was unconstitutional, because he had permission from his Chickasha probation officer to report to the probation office in Durant. Therefore, his probation oversight had been transferred to Bryan County.

**Standard of Review**

In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for the plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the Court is to determine whether he makes out a claim on which relief can be granted." *Id*. With these standards in mind, the Court turns to the merits of the defendants' motion.

**Texas Department of Criminal Justice**

The Texas Department of Criminal Justice (TDCJ) has filed a motion to dismiss (Dkt. 17), alleging it is an agency of the State of Texas that may not be sued in federal court, absent a waiver of Eleventh Amendment immunity which has not been asserted. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, Defendant Texas Department of Criminal Justice is DISMISSED from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Defendants Jim Weir and Ken Golden**

Defendants Jim Weir and Ken Golden also filed a motion to dismiss this action (Dkt. 15), alleging Plaintiff's claims arising under 42 U.S.C. § 1983 are barred by the applicable statute of limitations. The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff alleges in the complaint that the events set forth in Count 1 occurred on June 18, 2010, and September 10, 2010 (Dkt. 1 at 2-4). The complaint, however, was not filed until September 14, 2015, well beyond the two-year limitation period. Plaintiff asserts in his response to the motions to dismiss that he first learned of the alleged constitutional violations when he was incarcerated at Jackie Brannon Correctional Center in September or October of 2014 (Dkt. 20 at 2).

"Federal law controls questions relating to accrual of federal causes of action. A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. This requires the court to identify the constitutional violation and locate it in time." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal citations and quotation marks omitted).

Here, it is clear from the face of the complaint that Plaintiff's § 1983 claims are barred by the applicable statute of limitations. He complains about being incarcerated in Texas from June 2010 to September 2010, yet he did not file his complaint until the two-year limitations period had expired. Furthermore, his claim that the accrual date for his claim was in September or October 2014, when his supervising case manager allegedly advised Plaintiff to seek legal advice regarding the incident, does not relieve him of the two-year statute of limitations (Dkt. 22 at 1).

It is clear that Plaintiff had knowledge of alleged unlawfulness of his arrest and of his

the transfer to Texas at the time it occurred.  In fact, he alleges that he repeatedly attempted to inform the jail officials that his arrest was a mistake, because he had served all of his Texas sentences (Dkt. 1 at 3).  Furthermore, Plaintiff admits he had knowledge of the alleged unlawfulness of his arrest when a Texas probation officer visited him at the Texas facility in September 2010 and told him his Texas adjudication had been discharged on April 21, 2001 (Dkt. 1 at 1-3).  The fact that he did not receive any advice about seeking a legal remedy for the alleged constitutional violation until years later did not toll or extend the limitations period.

There are two circumstances that allow equitable tolling of the applicable statute of limitations under state law.  *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (Okla. 2004).  It is, however, Plaintiff's burden to establish a factual basis for equitable tolling.  *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).  In general, Oklahoma allows tolling of a statute of limitations in only two circumstances.  First, equitable tolling may properly apply when the plaintiff is under a "legal disability" preventing him from timely filing suit.  Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority.  *See Lovelace v. Keohane*, 831 P.2d 624, 627 (Okla. 1992).  Plaintiff has made no allegations indicating equitable tolling could be applied for that reason.

Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury and resulting cause of action."  *Id.* at 629 (citations and emphasis omitted).  The discovery rule "arises from the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause."  *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995).  "The purpose of the rule is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have the same rights as those who suffer an immediately ascertainable injury."  *Id.*  The discovery rule also applies where a defendant engages in "false, fraudulent

5

or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry, which induces one to refrain from timely bringing an action." *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987) (footnote omitted).  Here, there is no allegation that the defendants engaged in such conduct calculated to conceal Plaintiff's alleged legal injury.  To the contrary, it is clear that Plaintiff either knew or had reason to know of the alleged injury by September 10, 2010, at the latest.  Therefore, Plaintiff's § 1983 claims are barred by the applicable statute of limitations.

**Probation Violation and Revocation**

Defendants Weir and Golden further allege that to the extent Plaintiff is complaining about his arrest for a probation violation and the revocation of his probation in a criminal proceeding, this claim is barred.  When a plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254).  When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id*.  Because Plaintiff has presented no allegation that the underlying criminal conviction or sentence for which his probation was revoked has been overturned on appeal or otherwise invalidated, this claim is barred.

**Conclusion**

Based on the foregoing reasons the Court finds the allegations in Plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation.  The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing.  *Dunn*

6

v. *White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 29th day of September 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma